Chief Justice Boyle
delivered the Opinion of the Court,
Jacob iiorrency by his will, devised to his wife during life, his land, household furniture, horses, hogs, cattie and sheep, and his slaves by name — the slaves to be disposed of at her death, as she may think proper, except Ails, whom he directs to he set free, at the death of his wife. He appointed his wife executrix, hut made no provision for the payment of his deists.
In IQ! 7, he died, and his wife took upon herself tho execution of the will. After having paid some, of the debts of tho testator, she intermarried with Trumbo, who proroedoed to pay other debts which together-with those previously paid by his wife, amounted to about the. value of both the personal estate and slaves. Trntnbo and wife then filed this bill against David Sorrency to subject the reversion in the land which had descended upon him as the heir at law of the testator to the payment of so much of the testators debts as they' had discharged exceeding tho amount of the personal estate. David Sorrency in his answer, admits that he, claims the reversion as heir of the testator, but insists that it is not liable, for the debts of, the testator which had been discharged by the complainants, the slaves and personal catate being, as he alleges, sufficient and first liable.
Tim circuit court dismissed the bill, with costs, and the complainants have brought the case to this court,
land, as well as personal estate and slaves, is by the laws of this country, liable to the payment of debts, whether they be duo by record, by speciality, or by simple contract, and land in reversion and remainder is liable as well as land in possession:; but pergonal estate and slaves are both liable before land — nor can a man, as against his creditors, by his will exempt cither the personal estate or slaves.
But as against bis heirs 91’ devisees,, he may do sp.
In which caso ti°e°Xe™onaiS estate61 from the debts,) if the creditors .personalty, the legatees sllaI^ so'rtout'oFthó lands descended-
Legacy of a. specific thing,, „gSU”L0{]!U0' not’as lie-tween legatees &ndhpii,be debtsfthough not expressly«xemnicd.
jn England whcre”iho heir 1V!IS ’ln^ shift the bur* then on the too anilIHho creditor did, the heir was pense.*
amuícHiusb-,nd, she bedevisee of (f’‘“ the for Wry' having paid t^^tor ex-^ cceding Urn-personalty, may subject tho reversion of the land descended to tho payment of the pxcess, by billin equity-
*285 And if by his will he exempts his personal estate or slaves, and the creditors, notwithstanding, take them as they may do in satisfaction of their debts, those who are entitled to the personal estate
slaves under the will, will be entitled in a court of equity to stand in the place of the creditors and subject the lands descended as well as lands devised for the payment of debts to be sold in satisfaction of their claims. This is called' marshalling of the pssetS.
What will amount to an exemption of the personal estate, and giv'e a right to the claimant of it, thus to have the assets for the payment- of debts marshalled in their favor against lands descended, has formerly been much agitated in courts of equity; but it is now clearly settled that not only express words contained in the will, but an intention plainly manifested, is sufficient for that purpose, and a gift by will, of a specific thing, and even of a pecuniary legacy, has been held to be a sufficient manifestation of the intention of the testator to exempt the personal estate to that extent as against lands descended.
Thus in England, where lands as well as personal estate are liable to the payment of speciality debls, it is laid down as a general rule, that if the testator give by bis will a ców or a horse or any specific legacy, and leaves a debt by mortgage or bond, in which the heir is bound, the heir cannot compel the specific legatee to part with his legacy in case of the real lístate, and though the creditor, may subject this specific legacy to his debt, yet the specific legatee will in equity stand in the place of the. creditor, Mad. Chancery, 500.
We need not in this case inquire whether the persovtal estate bequeathed by the testator to his wife, was intended to be exonerated from the payment of bis debts, for the complainants have not in their bill set up any claim to its exoneration; but it was plainly the intention of the testator that his wife should take the slave given to her exempt from the payment of his debts, for being devised to her by name, it must be considered'as a specific legacy, and as the complainants have paid debts to more than the amount of the personal estate, it is clear that they *286 have a right to stand in the place of the creditors for so much as they have paid beyond the personal estate as against the reversion descended upon tho defendant as heir to the testator.
Triplett for plaintiffs.
The decree must be reversed, with costs, and the cause be remanded, that a decree may be there entered according to the principles of this opinion, and other proceedings bad, not inconsistent herewith,